## CLARK *vs.* THE CITY OF LOCKPORT.

In case of a village or city, where the trustees, or common council, are made commissioners of highways, the corporation is liable for their negligence in not repairing the highways within the corporate limits.

Where a street in a city was in an unsafe condition, so that a person knowing its condition would have been guilty of negligence in attempting to use it by driving through it, but the danger was concealed by a snow that had recently fallen ; *it was held* that a traveler was not bound to know that water crossing the street had congealed into ice, which was covered by the snow; and he was not, therefore, chargeable with negligence in attempting to pass along the street, with his horse and buggy.

And the referee having found that the plaintiff had sustained damages by a fall, caused by the dangerous condition of the street, and the negligence of the city in not putting and keeping the street in proper repair, and that he was free from negligence or fault ; a judgment in favor of the plaintiff, against the city, was affirmed.

APPEAL from a judgment entered on the report of a referee. The action was brought to recover damages for injuries sustained by the plaintiff in his person and property through the negligence of the defendants.

*Gardner & Scripture,* for the plaintiff.

*Ely & Crowley,* for the defendants.

*By the Court,* MARVIN, J. The referee has found, from the testimony, which is quite voluminous, that at the time of the receiving of the injury complained of by the plaintiff, and for a long time previous thereto, Garden street, in the city of Lockport, was materially out of repair, and dangerous, unsafe and unfit for public use and travel, and that the defendants had notice of these facts and neglected to put or keep the street in proper and sufficient repair for public use and travel. That the plaintiff was traveling along said street with his horse and buggy, on the 10th day of January, 1866, and was, with his horse and buggy, precipitated or fell from the side of the street down a declivity some fifteen to

Clark *v.* The City of Lockport.

twenty feet, and was thrown from his buggy and was badly bruised and wounded, and his buggy was injured and broken. That such fall was caused by the dangerous, &c. condition of the street and the negligence of the defendants in not putting and keeping the street in proper and sufficient repair, and was without negligence or fault on the part of the plaintiff. That the plaintiff sustained damages to the amount of $660. Conclusion of law, that the plaintiff have judgment for that sum, with costs, &c. Exception to the finding of facts ; also to the conclusion of law.

Upon the argument two questions were made : 1. That the finding that the injury was without negligence or fault on the part of the plaintiff, is against evidence. The defendants' counsel claimed that the plaintiff was negligent, and that his negligence contributed to the injury suffered by him. 2. That the action could not be sustained against the city ; in other words, that the city was not liable.

I have examined the evidence touching the negligence of the defendants, and the plaintiff, and am entirely satisfied that the judgment ought not to be reversed upon the ground that the findings of facts by the referee are against evidence, or unsupported by the evidence. The street was in an unsafe condition, and had its condition been fully known to the plaintiff it would have been negligence in him to attempt to use it by driving his horse down along it. But the condition of the street was concealed by the snow that had fallen the night previous to the accident. I do not think the plaintiff was bound to know that ice had formed under the snow ; that water oozing from the race had crossed the street and been converted into ice upon the street. One possessed of extraordinary caution might, perhaps, have declined going down the street without making some examination as to the condition of the street, as a light snow had just fallen, and no one had passed over the road since the fall of the snow. Mud and snow were in the upper part of the street; and driving over it, there, was not dangerous, but

lower down, where the water, in small quantities, crossed the street, it had congealed into ice, and the ice was covered by the snow. I do not think that the plaintiff was bound to know this, or to suppose that such might be the fact. The street, at the place of the injury, was and had been for some time in a dangerous condition.

Upon the whole, the judgment cannot, in my opinion, be reversed upon the ground that the findings of fact are unsupported by the evidence.

This leaves for consideration the question whether the city was liable in this action to respond in damages. It will only be necessary, in disposing of this question, to refer to some cases decided, within a few years past, by the Court of Appeals.

See *Conrad* v. *The Trustees of Village of Ithaca,* (16 *N. Y. Rep.* 158,) in which Judge Denio refers to a decision of the Court of Appeals in *Hickok* v. *The Trustees of the Village of Plattsburgh,* where it was decided that in case of a village, where the trustees were made commissioners of highways, the corporation was liable for their negligence in not making a repair, viz. not filling up a ditch which a wrongdoer had excavated in the street.(*a*) This decision of the Court of Appeals was reached by adopting the opinion of Justice Selden delivered at special term, in *Weet* v. *The Trustees of the Village of Brockport,* and which is published in a note in *Conrad's* case. The case of *Hickok* is in point, in this case, and must be followed by this court. I gave my opinion at large concerning this decision and Justice Selden's opinion, in *Peck* v. *The Village of Batavia;* and I still think that the very learned judge was in error in *Weet* v. *The Trustees of Brockport;* and that the Court of

(*a*) By the charter of the city of Lockport, title 5, section 1, (*Laws of* 1865, *p.* 670,) it is declared that the common council shall be commissioners of highways in and for said city, and shall have all the powers, and discharge all the duties, of commissioners of highways in the towns of this state, subject to the provisions of such charter. Rep.

Appeals erred in adopting the opinion and applying it to *Hickok's* case. The doctrine of this case is, however, approved in *Storrs* v. *The City of Utica,* (17 *N. Y. Rep:* 104.) See Judge Denio's opinion in *Mills* v. *The City of Brooklyn,* (32 *N. Y. Rep.* 489.) In that case it was held that a municipal corporation is not liable to a private action for damages accruing from not providing sufficient sewerage for draining the plaintiff's premises. It will be seen that Judge Denio did not concur in the decision in *Hickok* v. *The Trustess of the Village of Plattsburgh.*

[ERIE GENERAL TERM, September 2, 1867. *Daniels, Marvin* and *Davis,* Justices.]