RAPHAEL LEWENTHAL, Respondent, *v.* THE MAYOR, &c., OF NEW YORK, Appellants.

(GENERAL TERM, FIRST DEPARTMENT, JANUARY, 1872.)

Damages caused to property from the bursting of a street sewer in New York city, through its imperfect and insufficient construction, may be recovered in an action against the city.

Section 5 of the "act to make provision for the local government of the city and county of New York" (Laws of 1871, chap. 583), which section prohibits the entry of judgments against that city, other than those upon issues of law, except upon verdict of a jury, is not void as being a general provision contained in a local bill. (Const. art. 3, § 16).

It seems the provision, if general, must prevail over the local provisions of the bill.

THIS was an appeal from a judgment entered for the plaintiff upon the report of a referee.

The action was brought to recover damages from the defendants for the destruction of wines, sugars, &c., belonging to the plaintiff, while in the basement of his building in New York city, and occasioned by the bursting or overflow of a sewer which was, as the referee found, imperfectly and insufficiently constructed, and the repair of which had been neglected by the defendants.

The action was commenced on the 31st day of January, 1870; issue was joined by the service of the answer on the 24th of February, 1870.

The action, and the issues therein, were, on the 28th November, 1870, on the written consent of the counsel for the corporation and the plaintiff's attorney, dated November 26th, 1870, referred to a referee, to hear and determine. The parties immediately proceeded with the trial before the referee, and the cause was submitted early in April; on May 4th, 1871, the referee reported in favor of the plaintiff for $2,024.28 damages,

Chapter 583, of the Laws of 1871, having been passed April 19, 1871, after the trial and submission of the action

but before the decision thereof by the referee, the defendant claimed that plaintiff could not enter judgment.

*Richard O'Gorman*, for the appellant.

*Elias J. Beach*, for the respondent.

Present—INGRAHAM, P. J., BARNARD and CARDOZO, JJ.

INGRAHAM, P. J.   The recovery in this case was for damages occasioned by the bursting or overflowing of a sewer, built under the direction of defendant, and made of insufficient size and capacity to carry off the water.

The referee finds that the damage was the direct consequence of the imperfect and insufficient construction of the sewer, of which the defendant had notice.   Repeated notices of the difficulty are shown, and promises from the Croton department to remedy the evil were made.

The case of *The Mayor* v. *Furze* (3 Hill, 612); *The Rochester White Lead Company* v. *City of Rochester* (3 Com., 463); *The Mayor, etc.*, v. *Bailey* (2 Den., 433), and other cases cited on the argument would seem to dispose of the defendant's objection to liability for this cause.   There was no obligation to build a sewer, but, having determined to do so, then the duty imposed on the defendants was to build one sufficiently large and so constructed as to carry off the water, and not to throw it by means of the sewer on the adjoining property.

The counsel for the defendants, however, relies upon the case of *Mills* v. *City of Brooklyn* (32 N. Y. R., 489), as overruling these cases to some extent.   I do not think that case applies to the present one.   There the difficulty arose, not from the sewer throwing water upon the adjoining premises, but from there not being sufficient means provided to drain the surrounding lands, and the court held that a municipal corporation was not liable for not providing sufficient sewerage for every part of a city or village.

The second objection to the plaintiff's recovery is, that the act of April 19, 1871 (ch. 583), provides that no judgment, except on issues of law, shall be entered up thereafter against the city or county of New York, except upon a verdict of a jury.

The report of the referee in this case was made May 4, 1871, and motion for judgment on report made August 28, 1871.

It is objected on the part of the plaintiff that the act of 1871 is a local act, and that the fifth section, containing the provisions referred to, is not local, and is therefore unconstitutional. The contrary has been decided in *The People* v. *The Supervisors of Chautauqua* (43 N. Y., 10). FOLGER, J., says : " The true view is, that such a bill is general and it is local. Being local, and embracing more than one subject, it is therefore, as to the private or local subject, void." (See, also, 16 N. Y., 58 ; 24 N. Y., 405.)

In the case of *Gaskin* v. *Anderson* (7 Abb., N. S., 1), both sections of the act relating to different subjects were considered local and only one subject expressed in the title. The other was held to be unconstitutional.

I do not see how the provision can be avoided in its application. The plaintiff had not by the report obtained any vested right, until the report was confirmed and judgment entered thereon. Until then, it was subject to the power of the court, and to any law the legislature might pass affecting the remedy. This was expressly decided in the *Matter of C. Palmer* (40 N. Y., 561), and in the *Matter of widening Broadway* (General Term, January, 1872).

It may be the plaintiff may on notice of trial before a jury use the report on the trial. We express no opinion now on that point, but we think it clear that the judgment in its present form cannot be sustained.

Judgment reversed and trial ordered before a jury, costs to abide event.