## CLEMENCE v. CITY OF AUBURN.

*Municipal corporation — liability for injury from negligent defect in sidewalk.*

A sudden slope of six inches in three and a-half feet, made by the direction of the city authorities, in a sidewalk, having a grade of three-quarters of an inch to a foot, *held*, to be dangerous so as to render the city liable for injury to a person, caused by slipping upon the slope when covered with snow.

MOTION by plaintiff for a new trial after a judgment of nonsuit at the circuit.

The action was brought by Mary A. Clemence against the city of Auburn to recover damages for personal injuries caused by plaintiff slipping upon a sidewalk in said city. Sufficient facts appear in the opinion.

*F. D. Wright* and *George F. Comstock*, for plaintiff.

*James Lyon*, for defendant, cited *Mills* v. *City of Brooklyn*, 32 N. Y. 489; *Kavanagh* v. *City of Brooklyn*, 38 Barb. 232; *Wilson* v. *Mayor of New York*, 1 Den. 595; Dillon on Mun. Corp., § 176, note.

Present — MULLIN, P. J., E. DARWIN SMITH and GILBERT, JJ.

MULLIN, P. J. The plaintiff is a resident of the city of Auburn. On the 3d of February, 1872, she was passing along the sidewalk on State street, in said city, and slipped and fell, and injured the ulnar nerve of the arm, by reason whereof she has suffered a good deal of pain, and was for several months unable to perform her ordinary labor, and the arm was not, at the time of the trial, able to raise any considerable weight, and in the opinion of the physician, will never be restored to its normal condition.

Some four or five years before the accident the owner of the lot, in front of which this walk was laid, desired to relay and repair it, and applied to the chairman of the street committee of the common council to fix the grade of the said walk. A grade was established, having a descent of three-quarters of an inch to the foot. It was ascertained that if this grade was continued to a certain point in the walk there would be a difference of six inches between the new grade and the walk immediately adjoining. This fact being communicated to the chairman of the street committee, he directed that the stone, which was used to fill up the gap between the new and old grades, be laid on a slope having a descent of six inches in about three and a half feet.

On the day of the injury it had snowed in the morning so that at the time the plaintiff was passing along the walk in question there was some half an inch of snow on the walk, which concealed the descent so that a person unacquainted with the grade would

not be likely to observe it. The plaintiff, not perceiving it, stepped upon the stone in question and immediately slipped and fell and was injured.

On the trial the defendant moved for a nonsuit on two grounds :

1st. Because plaintiff was shown to have been guilty of negligence that contributed to the injury.

2d. That in establishing the grade of sidewalks the common council act judicially, and if the walk is laid in accordance with the grade, so established, the city is not liable. On this ground the court nonsuited the plaintiff. The court directed the motion for a new trial to be heard in the first instance at the general term.

By the charter of the city of Auburn the common council have power, and it is made their duty, to make, repair and preserve the highways, streets, lanes, alleys and bridges, and side and cross-walks, and to cause them to be repaired from time to time. Laws 1859, chap. 431.

To make or repair sidewalks in said city, the common council is required to give notice in writing to the owners or occupants of lots in front of which sidewalks are required to be made or repaired, specifying the work to be done, and the manner and time in which the work is to be done.

The repairs were made in conformity to the directions of the chairman of the street committee, whose power to give direction is not questioned. It does not require argument to prove that a walk having in it a stone laid upon the grade, having a descent of six inches in the distance of three and one-half feet, is dangerous to persons not aware of such grade. It is the duty of those charged with the construction of the streets and sidewalks, to see that they are so made and kept as to be safe for all persons passing along the same on foot, on horseback, or in carriages, and if this duty is not performed, and injury results from the omission, the municipality is liable to respond in damages to the person injured. *Wallace* v. *Mayor of New York,* 2 Hilt. 440; *Clark* v. *City of Lockport,* 49 Barb. 580.

The common council of Auburn may establish such grade for its streets as it sees fit, and it is not responsible for an error of judgment in establishing such grade. *Rochester White Lead Co.* v. *City of Rochester,* 3 N. Y. 463; *Lloyd* v. *Mayor of N. Y.,* 5 id. 369.

But this exemption does not relieve the city from liability, if, in making or repairing the street or sidewalk, it is left so as to be

dangerous to the life or limbs of persons passing over it. 4 Abb. Dig. 460, pl. 149, 153; *Barton* v. *Syracuse*, 36 N. Y. 54.

Whether a walk shall be on the same level with the street or a foot above or below rests in the discretion of the common council, and they are not liable for error of judgment if they have failed to establish the best grade. But they are liable if they leave a hole in it or a sudden descent by reason of which persons are injured without fault or neglect on their part. *Rochester White Lead Co.* v. *City of Rochester, supra.* There is no immunity for such a wrong.

Officers charged with the care and preservation of the streets and walks of a city must be held to a rigid accountability when they omit to do whatever is necessary to protect the public from injury by reason of defects in such streets or walks. In no other way can life or limb be properly protected against gross neglect or the meanest parsimony.

The nonsuit must be set aside and a new trial granted, costs to abide the event.

*New trial granted.*