By the Court.—Horace Russell, J.
The theory of the learned judge who presided at the trial seems to have been that inasmuch as the defendants removed the sidewalk, curb and gutter—the natural conduit by which surface waters were carried off—they were bound to protect the plaintiffs’ assignors in some other way against such surface waters, and failing to do so, were liable for any damages resulting from their act. There is abundant authority for that proposition (Dygert v. Schenck, 23 Wend. 446; Jutte v. Hughes, 67 N. Y. 267; Farrand v. Marshall, 21 Barb 409; Congreve v. Morgan, 18 N. Y. 84; Prixley v. Clark, 35 Id. 520; Hay v. Cohoes Co., 2 Id. 159; Bellows v. Sackett, 15 Barb. 102; Thomas v. Kenyon, 1 Daly, 132 ; Adams v. Walker, 84 Conn. 466).
The removal of the sidewalk, curb and gutter, amounted to a nuisance, and the. defendants were liable to any one injured thereby (Irvine v. Wood, 4 *34 Robt. 138; Irvin v. Fowler, 5 Id. 482). It made no difference whether or not the plaintiffs’ assignors acquiesced in the building of the dam. It was the defendant’ s business to provide a dam which should be as effective, so far as this purpose was concerned, as the curb and gutter had theretofore been.
The defendant’s counsel on the argument urged that inasmuch as the city authorities had given the defendants] a permit to remove the sidewalk, curb and gutter, they were not liable in this action.
Such permit only protected the defendants from prosecution for the infringement of corporation ordinances, or possibly an action by the city. It could not give the defendants greater power than the city would itself have ; and had the city removed the curb and gutter, and the same damage resulted therefrom to the plaintiffs, it would have been liable (Shearman & Redfield on Negligence, § 385, note; Lewenthal v. Mayor, 61 Barb. 511; Wallace v. New York, 2 Hilt. 440; Donahoe v. Mayor, 3 Daly, 65 ; Lacour v. Mayor, 3 Duer, 406; Barton v. City of Syracuse, 36 N. Y. 54; Storrs v. City of Utica, 17 Id. 107 ; Creed v. Hartman, 29 Id. 591). There is little, if any, difference in principle between the responsibility of the defendants to foot passengers by reason of their removal of the sidewalk, and their liability to plaintiffs’ assignors, by reason of the removal of the curb and gutter—a public easement in which they had a right (Walsh v. Mead, 8 Hun, 387; Shipley v. Fifty Associates, 101 Mass. 261).
Various requests to charge were presented to the judge, substantially asking him to charge that if the water got upon the plaintiffs’ premises in some other way, as by a defect on their own sidewalk, the defendants were not liable. He declined so to charge.
There was no evidence that the plaintiffs’ sidewalk was defective, and a judge is not required to charge *35 propositions not based upon evidence. This same observation applies to the other requests touching the. manner in which the damage occurred. It was quite apparent that the water got into the plaintiffs’ assignors’ premises from the defendant’s, and into the defendant’s through the excavation of the earth where the sidewalk had been, and in consequence of the removal of the curb and gutter.
The requests to charge that if the plaintiffs’ building was in bad condition, and in consequence thereof the injury occurred, the defendants were not liable,, was properly refused.
The request to charge that the defendants were not liable if only by unusual caution on their part the damage could have been prevented, was also properly refused.
They were bound to supply to the plaintiffs as good a conduit as they took away, or failing to do that, were responsible in damages for whatever injury resulted.
On the question of damages, the judge instructed the jury that the plaintiffs could recover only their actual damage by loss in the value of their paper injured, and their expenses occasioned by such damages, with interest. •
In a case like this, interest as interest may not be allowed, but interest as damages may be. The extent of the injury to the'goods, and the expenses incurred, were an ascertained sum within a short period after the damage occurred (Sedgwick on Damages, p. 386 ; Greer v. Mayor, 3 Robt. 406 ; Parrott v. Knickerbocker Ice Co., 46 N. Y. 361).
I see therefore no reason to interfere with the judgment.
The judgment should be affirmed, with costs.
Speie, J., concurred.