MARY SCHNEIDER V. CITY OF CINCINNATI.

1. So long as the officers of a municipal corporation act in good faith in the establishment and maintenance of streets, no liability attaches against the corporation for their errors of judgment; it is only for their negligent failure to perform their duties as to the same that the municipality is liable.
2. In an action for personal injuries, a municipal corporation will not be charged with notice of the dangerous condition of a street crossing caused by a hard rain occurring so recently as to preclude a reasonable presumption of notice.
3. Where the testimony, in an action for personal injuries against a municipal corporation, shows that the dangerous character of a curbing and street was caused by a heavy rain, the plaintiff will be charged with knowledge of such fact as well as the city; and where plaintiff took her way across such dangerous place when it could have been avoided, with her hands so engaged that if she slipped she would be unable to assist herself, this will create a presumption of contributory negligence.

HOSEA, J.

Motion to direct a verdict.

This motion raises important questions and places upon the court the possible necessity of assuming a responsibility that a court would much prefer to leave with a jury; but it is the duty of the court so to act if the facts require it and it is reversible error not to do so.

The plaintiff's testimony shows that she lived in the immediate vicinity of the place of the accident, on the same side of the street for about a year and a half prior thereto, and frequently passed over the sidewalk where the accident occurred. An alley comes down from a higher level at a uniform inclination, to the level of Hunt street, with which it connects, and the curb of the alley, at the same inclination, meets the curb of Hunt street. The alley curb, starting at the sidewalk surface of Hunt street, at the level of its outer edge or curb, inclines upward to a height of seven or eight inches above the sidewalk at the house line. The alley construction was made as a city improvement under direction, and according to stakes set, by the city engineer. Some

earth had accumulated at the outer side of the alley curb in the angle formed with the sidewalk, and extended from the curb at about an inch below the curb-surface to the sidewalk, two and one-half feet distant.

Plaintiff admits that she knew the exact condition, for she says it was that way all the time she lived there, just as it was at the time she was hurt, and that she had noticed the mud next to the curb; and again, that it was in about the same condition all the time.

In coming down Hunt street she crossed the alley and at the south side of it put her foot over the curb and upon the slanting mass of earth at the lower side. Her foot slipped and she fell. This occurred between 6 and 7 P. M. on October 12, 1901, while she was walking with a bundle in one hand and a bucket of hot coffee in the other. It was dark and it had rained all day, and the earth where she placed her foot was muddy and soft, and where she stepped was, she says, three or four inches higher than the sidewalk beyond.

In every suit based upon personal injuries, the burden is upon the plaintiff to prove negligence on the part of defendant as the direct cause of the injury; and if, in the endeavor to prove this, the plaintiff raises a presumption of contributory negligence, on his own part, he has also the burden of overcoming this by proof. These propositions are so well established it is unnecessary to cite authorities.

1. As to negligence of the city.

(*a*) So far as concerns the construction of the alley where it leads into Hunt street, it is shown to be in accordance with the plans of the city authorities and it is not claimed to be in a defective condition or negligently constructed *per se*.

"In all such matters, the corporate authorities have a discretion to exercise; and, however unwise their judgment may turn out to have been, the corporation will not be liable in damags for the consequence of their unwisdom." 1 Shearman & Redfield, Negligence, par. 262; *Dayton* v.

*Taylor,* 62 Ohio St., 11 (56 N. E. Rep., 480) ; *Wheeler* v. *City,* 19 Ohio St., 19 (2 Am. Rep., 368).

The underlying reason for this I apprehend to be, that the council that adopts, and the engineer who carries out, the adopted plan, are the direct representatives and servants of the people who elect them for this purpose. So long, therefore, as they act in good faith, their acts are the acts of the people themselves, and no liability attaches for errors of judgment. It is only for negligent failure to perform duties that the municipality is liable.

(*b*)   It is the statutory duty of the city council to keep the streets and sidewalks "open, in repair, and free from nuisance." Sec. 28 Mun. Code. But the law exacts only what is practicable and reasonable in this regard. *Chase* v. *Cleveland,* 55 Ohio S., 505 516 (9 N. E. Rep., 225 ; 58 Am. Rep., 843).

In the present case, there is no question of repair or want of it ; the case rests therefore upon the allegation of nuisance. or unsafe and dangerous condition for ordinary purposes of travel. The unsafe and dangerous character of the obstruction is the gravamen of the petition ; for, if it did not render the sidewalk unsafe, there was not such negligence on the part of the city as would afford a ground of complaint.

(*c*)   But, if a sidewalk is in a dangerous condition, and this is alleged as a basis of liability against the city for its negligence in permitting it to exist, it must be made to appear, first, that the city had notice, actual or constructive, of the dangerous condition of the walk in time to remedy it ; and, second, that, having such notice, it was the city's duty to remedy it and that it failed to do so.

The petition in this case alleges notice. Under the strict rules of pleading this will not support proof of constructive notice—but the proof fails entirely to show actual notice and fails to show any such facts and circumstances as would, by the exercise of reasonable diligence, lead a prudent person to such knowledge.

Constructive notice by mere lapse of time during which

a condition has existed, is based primarily upon the fact of a condition that is *obviously* unsafe and dangerous.

In *Chase* v. *Cleveland, supra,* at page 515, Judge Spear uses language very pertinent in this connection. He says:

"Regarding the removal of dangers, as well as regarding .watchfulness in ascertaining their existence, the municipality is bound to exercise only ordinary care; to take such measures as are reasonably to be required and adequate, in view of ordinary exigencies. The condition of the walk in this case is not complained of as a defect in the sidewalk, but rather an accumulation on it which created a nuisance. * * * Those authorities are empowered to clear the streets from snow and filth, and, by ordinance, to require property owners to keep the walks cleared from snow and ice, but ordinarily, liability does not attach for a failure to do so. Slipperiness may arise from a variety of causes. A thin film of mud on the walk may often produce it, and yet liability would hardly be claimed to arise from such cause. * * * The law exacts from municipalities only that which is practicable and reasonable in regard to keeping streets open, in repair and free from nuisance; that the duty of the municipality, under the statute, must be interpreted upon a reasonable basis in reference to the actual condition of affairs; that impracticable things are not required, and that to hold the city liable, under the allegations of this petition, would be to require that which is impracticable, and to impose an onerous and unreasonable burden upon it."

That it is the notoriety of the dangerous and unsafe condition that constitutes the basis of the presumption of notice, as a condition so obvious as to force itself upon the attention of passers-by and by consequence upon the city authorities, is plainly indicated, though not so directly set forth, in the case just cited; but it is clearly declared in many other cases.

Thus in *Todd* v. *Troy,* 61 N. Y., 506, 509, it is said:

"When a defect has become notorious, and its officers

have full opportunity to know of it, the municipality is chargeable with notice."

Again, in *Hart* v. *Brooklyn,* 36 Barb., 226, 229, it is even more forcibly put.

Substantially similar rulings occur in *Hyatt* v. *Rondout (Vil.),* 44 Barb., 385; *Clark* v. *Lockport,* 49 Barb., 580, and *Pomfrey* v. *Saratoga Springs (Vil.),* 104 N. Y., 459 (11 N. E. Rep., 43).

But in this case there is no evidence whatever—except it be the fact that plaintiff fell there—that the walk at that point was defective or dangerous in any sense. Assuming the facts to be as stated, the condition complained of was manifestly caused, as stated by plaintiff, to the muddy and slippery condition caused by the all-day rain immediately preceding. It was, therefore, not a general or continuing condition, nor one necessarily to be expected from every rain. It is part of a sidewalk in a populous part of the city, and the earth, it may be fairly inferred, was beaten hard by the feet of pedestrians, and under ordinary circumstances would not be slippery. If, as stated in the testimony, it was muddy, soft and slushy, this was manifestly the result of the prolonged rain of the day or more preceding. Its unsafe condition therefore was temporary only, and from a cause so recent as may fairly bring the case within the principle laid down in *Leipsic (Vil.)* v. *Gerdeman,* 68 Ohio St., 1 (67 N. E. Rep., 87),where it was held that constructive notice can not be based upon causes of a dangerous condition, operating so recently as to preclude a reasonable presumption of notice.

The case cited is a clear exposition of the law and of the duty of a judge, under such circumstances as are found in the present case. The court says, page 7:

"Where, in any case, there is in the evidence a conflict or dispute as to the facts, or there is doubt as to the proper inference to be drawn from them, the question of negligence is one for the jury and should in such case be submitted to the jury under proper instructions. But where, as in this case, all the facts which the evidence tends to

prove, if admitted, do not authorize the conclusion that defendant has been guilty of the negligence charged as matter of law, then the question becomes, and is, a question for the court and should not be submitted to the jury for decision. It does not follow because the plaintiff was injured upon a public street or sidewalk of said village that the village is liable to her in damages therefor; injury alone will not support an action, but there must be a concurrence of injury and wrong. An incorporated village is not an insurer of the safety of its streets and sidewalks, nor of the lives and limbs of the persons passing over and along the same; nor is such village required, in the improvement and care of its streets and sidewalks, to do everything that human energy and ingenuity can devise to prevent the happening of accidents or injuries to persons who may rightfully use such streets and sidewalks. Its duty under the law is to see that its streets and sidewalks are reasonably safe for use and travel by persons exercising ordinary care and caution, and while the law requires, on the part of such village, reasonable vigilance in this behalf, it does not exact or require that which is unreasonable or impracticable. Where a sidewalk, of a village, which is in reasonably safe condition for public travel, by the collection or formation of ice thereon suddenly becomes dangerous, the village can not in law be charged with negligence because of such dangerous and unsafe condition, nor can it be held liable therefor, where it has neither actual nor constructive notice of such condition. There is no claim or evidence in this case that the village had any actual notice of the icy condition of this sidewalk, and before it would be chargeable with constructive notice, such condition must have existed for such length of time prior to this accident, as that the village, through its officers or agents, in the exercise of ordinary diligence, could and should have known of such condition. But the evidence in this case showing, as it does, that the icy condition of this walk at the place where plaintiff was injured was due to the freeze of Saturday night; and that the accident of which plaintiff complains occurred as early as eight o'clock the following

morning (the plaintiff herself testifying that it occurred about half-past seven o'clock), the question of constructive notice did not arise and was not involved in this case, and should not have been submitted to the jury."

2.   Contributory negligence.

It happens, not infrequently, that, in detailing the acts and circumstances of an injury charged to the negligence of another, there is also shown a failure to exercise the care and caution required of the plaintiff in the action.

In this case it is manifest that the inclined bank of earth described, existed, practically, only very near the house line, because the alley curb sloped downward across the pavement toward Hunt street and the rise (assuming the pavement to be of a width of only ten or twelve feet, which is a low average) was less than an inch to the foot. At the central and outer portions of this cross curbing there could have been no bank of earth to speak of.

The conditions were well known and familiar to the plaintiff. If rains tended to make this earth slippery, this was a fact she knew as well as an agent of the city could have known it. If, therefore, the condition was in fact dangerous, as she alleges, and presented an obstruction which the city was bound to remove, and was negligence to leave unremoved, it must follow, since its character was known to plaintiff, that it was imprudent in her to pass over it or that, if she did pass over it, that she did not use due care.

As is said in *Schaefler* v. *Sandusky*, 33 Ohio St., 246, 249 (31 Am. Rep., 533):

"The case * * * is not one where there is an obstruction not known to be perilous. In that class of cases negligence can not be imputed to one who uses such carefulness as a man of ordinary prudence would exercise. But where there is danger, and the peril is known, whoever encounters it voluntarily and unnecessarily, can not be regarded as exercising ordinary prudence, and therefore does so at his own

risk." Citing *Durkin* v. *Troy,* 61 Barb., 437, and other cases.

In the case at bar the plaintiff not only took the dangerous way where it could have been avoided by passing nearer the curb line of Hunt street, but did so with both hands occupied with things carried, whereby she was deprived of the assistance which might have avoided serious injury even under the circumstances of the fall, if her hands had been free.

The same principle is declared by Judge Shauck in the case of *Conneaut (Vil.)* v. *Naef,* 54 Ohio St., 529, 530, 531 (44 N. E. Rep., 236).

The fact that the evening was dark only emphasized the requirement of care on the part of plaintiff, and makes the absence of care more apparent.

The case, as was said in *Balt. & O. Ry.* v. *McClellan,* 69 Ohio St., 142, 157 (68 N. E. Rep., 816), is not one which presents a conflict in the evidence on any vital point. The rule is, that, whether or not there is evidence tending to prove an essential fact, is a question for the court; and if it be determined that there is not, then there can be no conflict and there is no question for the jury.

In the case cited it is held to be error for the court to refuse to sustain a motion where the facts are as stated.

On this ground also the motion is granted.

Motion to direct a verdict sustained and verdict directed.

*F. M. Coppock,* for plaintiff.

*J. V. Campbell* and *C. W. Scott,* Assistant City Solicitors, for defendant.