[KINGS GENERAL TERM, February 10, 1862. *Emott, Brown* and *Scrugham,* Justices.]

———•—•—•———

HART and wife *vs.* THE CITY OF BROOKLYN.

There is a distinction between the power of municipal corporations over the carriage ways of their streets, and that which they possess over sidewalks.

The absolute authority over the roadway, conferred upon the common council by the charter of the city of Brooklyn, is not possessed by them over the sidewalks; and the same responsibility cannot be imposed for the condition of the sidewalks as for that of the roadway.

A municipal corporation is not liable in damages to an individual for injuries caused by an opening in a sidewalk, made by an owner of the soil or the adjacent land, without proof of notice of the insufficiency or defect, and neglect to cause it to be remedied.

The public authorities are not to be presumed to have notice of a latent defect in the covering of an opening in a sidewalk, which was not made by them or under their direction.

Notice to the public authorities of defects or obstructions in the streets, not occasioned by their own acts, must be express, or the defects must be so notorious as to be evident to all who have occasion to pass the place or to observe the premises.

The provision of the act of April 12, 1859, prohibiting the recovery of costs against municipal corporations, unless notice of the claim has been given to the comptroller of the city before suit, is applicable to claims for damages on account of the negligence or misconduct of the city authorities, as well as to demands upon contract.

APPEAL by the defendants from a judgment of the city court of Brooklyn. The action was brought to recover damages for an injury sustained by Margaretta Hart, one of the plaintiffs, in consequence of falling into a coal vault under the sidewalk, in Hicks street, Brooklyn, in June, 1859, through the grating ; which, the complaint alleged, was left

in an unsafe and dangerous condition by the defendants. The answer of the defendants admitted that they had the care of the public streets and sidewalks, but denied any liability for not repairing and keeping in order vault gratings. The plaintiffs recovered a verdict for $1000, and the defendants appealed.

*A. McCue,* for the appellants.

*Spooner & Taber,* for the plaintiffs.

*By the Court,* EMOTT, J.    The exception to the charge of the city judge is too vague and general to be of avail to the defendants.    The principal question presented by the bill of exceptions, and the only question which it is necessary for us to consider, is the right to maintain the action against the city, upon the facts disclosed in the evidence.

The defendants moved for a nonsuit, when the plaintiffs closed their case, at the trial.    It then appeared that Margaretta Hart, one of the plaintiffs, while passing through Hicks street, in Brooklyn, stepped upon the grate or cover of an opening of a vault in the sidewalk, and that the cover slipped or turned under her weight, in such a way as to cause her to fall into the opening, and thus to receive the injury for which she and her husband have sued the city.    The city judge refused the nonsuit, and the defendants excepted.    It does not appear that the plaintiffs relied at the trial, nor do they rely at present, upon an absolute and unconditional obligation of the city of Brooklyn to keep the sidewalks in good order, or to protect at all hazards the openings which are made in them by individuals for access to their vaults and cellars.    Such an obligation seems to have been decided by the court of appeals to rest upon municipal corporations in reference to their streets as highways.    (*Conrad* v. *Trustees of Ithaca,* 16 *N. Y. Rep.* 158, 161, *and note.*)    But there is a distinction between the power of the present defendants, as

well as of corporations generally, over the carriage ways of their streets, and that which they possess over sidewalks. The charter of the city of Brooklyn, title 10, section 1, gives power to the common council to repair the pavements of the public streets, that is, of the roadway exclusive of the sidewalks, at the general public expense; with regard to sidewalks, however, the only powers which I discover are contained in subdivision 22 of section 13 of title 2. Whatever repairs are made under the authority conferred by this section, are to be made at the expense of the owners of the adjoining lots. Assessments for such expenses are to be made and collected pursuant to the 4th title of the chapter, and are local and not general charges. It would seem that the city has no power to repair a sidewalk at the general expense, or to compel its repair or improvement, except in the mode indicated in this 4th title. However this may be, the absolute authority over the roadway conferred upon the common council by the charter is not possessed by them over the sidewalks, and the same responsibility cannot be imposed for the condition of the sidewalks as for that of the roadway. (*Peck* v. *Village of Batavia*, 32 *Barb.* 634.)

The theory of this action, however, is that the defendants are liable for a defective covering or an insufficient protection of an opening in a sidewalk, made by an owner of the soil or the adjacent land, when they have notice of such insufficiency or defect, and neglect to cause it to be remedied. Without inquiring to what extent this rule is applicable in cases like the present, it is sufficient to say that there was no proof of any notice to the defendants of the defect in the covering of the vault where Mrs. Hart was injured, and no evidence from which the jury should have been allowed to infer such notice. No direct or express notice was pretended, and the testimony of Mrs. Hart herself is fatal to an implication or presumption of notice. She says, in effect, that there was no difficulty or danger apparent to a person approaching or passing the grating or covering to the vault, and that she stepped

upon it without apprehension. An examination of the place was made, after the accident, by others, who confirm her statements. Undoubtedly this relieves her of the imputation of negligence, in not forseeing danger in walking where she did, but it also relieves the defendants of any inference or implication that they had notice of a defect which a passenger could not perceive. The public authorities are not to be presumed to have notice of a latent defect in the covering of an opening in a sidewalk, which was not made by them or under their direction. Notice to the public authorities of defects or obstructions in the streets, not occasioned by their own acts, must be express, or the defects must be so notorious as to be evident to all who have any occasion to pass the place or to observe the premises. The plaintiffs' action failed upon their own theory, and they should have been nonsuited.

There is another question presented by an appeal from an order refusing an application to strike the costs from the judgment, because no notice of the claim had been given to the comptroller of the city before suit, under section 2 of an act passed in 1859. (*Laws of* 1859, *p.* 570.)

It may be proper for us to say, that we are of opinion that the provisions of that act are applicable to claims for damages on account of the negligence or misconduct of the city authorities, as well as to demands upon contract, and therefore that the costs should have been stricken out of this judgment.

The judgment is reversed, and a new trial ordered; the costs to abide the event.

[KINGS GENERAL TERM, February 10, 1862.   *Emott, Brown* and *Scrugham,* Justices.]