ROBERT TODD, Administrator, etc., Respondent, *v.* THE CITY OF TROY, Appellant.

Where the duty is imposed upon a municipal corporation by its charter to keep its streets in repair and in suitable condition for public travel, the agents of the corporation charged with that duty are bound to exercise an active vigilance in the performance thereof, and where a defect or obstruction of a street has existed for a sufficient time, so that it has become notorious to those traveling, and such agents have had full opportunity to learn of its existence, and to remedy the defect or remove the obstruction, the corporation is chargeable with notice thereof, and is liable for the consequences of its neglect to restore the street to a good condition.

It is the duty of the municipal authorities to see that the sidewalks are kept reasonably clear of ice and snow, and when they permit such an accumulation thereof as to constitute an obstruction to remain an unreasonable length of time, to the danger of travelers, the corporation is chargeable with negligence without proof of actual notice.

In an action to recover damages for injuries received by M., plaintiff's intestate, occasioned by a fall upon a sidewalk on one of the defendant's streets, it appeared that, by its charter, defendant's common council were made commissioners of highways, with the duty to keep its streets in repair. The evidence tended to show that water from a conductor upon a building adjoining the street had for a long time flowed across the sidewalk, and would freeze and thaw there as the weather varied ; that for three or four days prior to the accident there had been ice extending

across the sidewalk which was concealed from view at the time by a slight covering of snow, recently fallen. M., in passing upon the sidewalk, stepped upon the ice, slipped and fell. She had on no rubbers and was walking fast, but at her ordinary gait. *Held,* that the evidence was sufficient to authorize the submission to the jury of the question of negligence, and of contributory negligence.

(Argued September 23, 1874; decided January term, 1875.)

APPEAL from the judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment for plaintiff upon the verdict of a jury. (Reported below, *sub nom. Mosey* v. *City of Troy*, 61 Barb., 580.)

This action was brought by plaintiff's intestate, Julia A. Mosey, who died after the appeal to this court, to recover damages for personal injuries alleged to have been occasioned by defendant's negligence.

On the 10th day of January, 1870, while walking upon one of the sidewalks in the city of Troy, she slipped and fell, and was severely injured. There was evidence tending to show that at the place where the accident happened there was ice, which had remained there for several days, extending across the sidewalk, caused by the freezing of water which came down a conductor from a building, flowing out and over the sidewalk. A short time before the accident there had been a slight fall of snow, which covered over and concealed from view the ice; that the conductor had been there a long time, and that the water flowing from thence would freeze, and thaw as the weather was warm or cold. Further facts appear in the opinion.

*R. A. Parmenter* for the appellant. If a city, the members of whose common council are, by its charter, constituted commissioners of highways, negligently suffer a street to get out of repair or allow an obstruction to remain, after knowledge or notice, it will be liable for any injury happening on account thereof, provided the injured person is not chargeable with contributory negligence. (*Wallace* v. *Mayor, etc., of N. Y.*, 10 How. Pr., 169; *Clark* v. *City of Lockport*, 49

Barb., 580; *Davenport* v. *Ruckman*, 37 N. Y., 568; *Conrad* v. *Trustees of Ithaca*, 16 id., 158; *Hickok* v. *Trustees of Plattsburgh*, id., 163; *Barton* v. *City of Syracuse*, 37 Barb., 292; *Griffin* v. *Mayor, etc., of N. Y.*, 5 Seld., 456.) If the obstruction which produced the injury was occasioned by the elements, liability will not attach to the corporation unless neglect on its part is shown, after knowledge or notice of the obstruction, and a reasonable time for its removal given. (*Shepherd* v. *Inhabitants of Chelsea*, 4 Al., 113; *Stanton* v. *City of Springfield*, 12 id., 566; *Rowell* v. *City of Lowell*, 7 Gray, 100; *Kidder* v. *Inhabitants of Dunstable*, id., 104; *Smith* v. *City of Lowell*, 6 Al., 39; *Nason* v. *City of Boston*, 14 id., 508; *Donaldson* v. *City of Boston*, 16 Gray, 511; *Billings* v. *Worcester*, 102 Mass., 329–335; *Sweet* v. *Holyoke*, 105 id., 82.) The general obligation of defendant to keep its streets in repair was not increased by the passage of the ordinance requiring the owners to remove all snow and ice from the sidewalks in front of their property. (*Stanton* v. *City of Springfield*, 12 Gray, 571.)

*Esek Cowen* for the respondent. When the members of the common council of a city are commissioners of highways, it is liable for their negligence in not keeping the streets and sidewalks in a safe condition. (*Clark* v. *City of Lockport*, 49 Barb., 580; *Conrad* v. *Village of Ithaca*, 16 N. Y., 158, note.) It could not relieve itself from this liability by imposing the same duty upon the owners of lots adjoining its streets. (*Wallace* v. *Mayor, etc.*, 18 How., 169; *Wilson* v. *Mayor, etc.*, 1 Den., 601.) The ice and snow where plaintiff fell formed an obstruction to the safe passage of the street sufficient to make defendant liable for damage caused thereby. (*Hyatt* v. *Rondout*, 44 Barb., 385; *Requa* v. *City of Rochester*, 45 N. Y., 129; *Pinkham* v. *Topsfield*, 104 Mass., 78; *Luther* v. *Worcester*, 97 id., 268; *Hutchins* v. *Boston*, id., 272, note; *Providence* v. *Clapp*, 17 How. [U. S], 161.) The evidence justified the jury in finding that the city allowed the obstruction to remain after notice of its existence. (*Hart* v. *Bklyn.*, 26 Barb., 226.)

EARL, C.   The defendant is a municipal corporation, incorporated in pursuance of the act of the legislature, passed April 12, 1816, and several acts amendatory thereof.   By these acts the common council are made commissioners of highways in and for the city, and it is made their duty to regulate and keep in repair the streets of the city.

It was the duty of the city, under its charter, to keep the streets in repair and in suitable condition for public travel, and any person suffering damage or injury, without any fault on his part from a neglect of this duty, has a cause of action against the city.   Before the city can be made liable in any case, it must be shown that it had notice of the bad condition of the street.   This notice can be either express or constructive.   By constructive notice is meant such notice as the law imputes from the circumstances of the case.   It is the duty of the municipal authorities to exercise an active vigilance over the streets; to see that they are kept in a reasonably safe condition for public travel.   They cannot fold their arms and shut their eyes, and say they have no notice.   After a street has been out of repair, so that the defect has become known and notorious to those traveling the street, and there has been full opportunity for the municipality, through its agents charged with that duty, to learn of its existence and repair it, the law imputes to it notice and charges it with negligence.   (*Hart* v. *City of Brooklyn*, 36 Barb., 226; *Clark* v. *City of Lockport*, 49 id., 580; *Conrad* v. *Village of Ithaca*, 16 N. Y., 158; *Requa* v. *City of Rochester*, 45 id., 129; *Hyatt* v. *Trustees, etc., of Rondout*, 44 Barb., 385.) Upon the trial there was some evidence that, near the place where the accident occurred, a conductor had for a long time come down from a house discharging water upon the sidewalk, which ran across the same into the street gutter.   This water would alternately thaw and freeze, according to the temperature of the weather, and for some days before the accident there was ice upon the sidewalk extending across the same.   This ice was concealed by a slight covering of snow which had recently fallen, and upon this the plaintiff slipped

and was injured. Upon this evidence it was a question for the jury to decide, whether it was negligence for the municipal authorities to permit this water to flow upon the sidewalk, and thaw and freeze there and form ice remaining there for some days. It was also a question for the jury to decide, whether the existence of this state of things, for the length of time and under the circumstances, in a street much traveled, which was easy to observe, and must have been seen by many persons, ought to have been known by the defendant; in other words, to decide whether the defendant was guilty of negligence in not knowing facts so notorious. Upon these questions there was some evidence, I admit not very strong, and the jury decided them in favor of the plaintiff; and their decision, having been approved at Special and General Terms, is conclusive upon us.

I am unable to find in the evidence any facts showing carelessness on the part of the plaintiff, contributing to the accident. It is true that she had on shoes without rubbers, but I know of no rule of prudence that requires every person who goes into the street in the winter to wear rubbers; and, while she walked fast, she appeared to have walked at her usual gait. She was not bound to anticipate that there was ice at that spot under the snow. In the absence of any notice to her of any defect in the sidewalk, she had the right to assume that it was in proper and safe condition for travel, and to use and pass along the same in the usual manner. But, at any rate, it was for the jury to determine whether there was any negligence on her part, and their decision cannot be reviewed by us. Hence there was no error in the submission of the case to the jury, and the refusal of the judge to nonsuit the plaintiff. I have examined the ruling of the judge upon questions of evidence during the trial, and do not believe any error was committed of which defendant can complain.

The only remaining question to be examined is whether the judge committed any error in the charge to the jury as made, or in his refusal to charge as requested by defendant's counsel. The charge as made fairly covered the whole law of the case.

He charged that defendant was bound to keep the streets in such reasonable repair that a traveler upon the streets will be secure in the use of them; that the mere fact that plaintiff fell, and that there was ice upon the sidewalk did not entitle her to recover; that she was bound to show that there was allowed by the municipal authorities, carelessly, such an accumulation or continuance of snow or ice as to constitute an obstruction, thus causing the injuries; that the city is not answerable for an accident which occurs without the intervention of carelessness in allowing snow and ice to remain for an unreasonable length of time, to the danger of travelers; that the municipal authorities are called upon to observe, notice and see that the public streets, in time of winter, are reasonably cleared of snow and ice, and he fairly submitted the question of plaintiff's negligence and of defendant's negligence to the jury, and upon the request of defendant's counsel he charged that, if the jury found, from the evidence, that the presence of ice upon the sidewalk did occasion the fall of the plaintiff, and the ice was slippery by reason of the cold weather, then the defendant is not liable, unless it also appeared that the accumulation of ice at that point had remained there so long as to make the obstruction public and notorious. The requests of defendant's counsel which he refused to charge either involved incorrect rules of law, or were covered by the charge as made, or were not properly limited.

Upon the whole, I am of opinion that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.