HENRY L. SWEET, APPELLANT, *v.* THE VILLAGE OF GLOVERSVILLE, RESPONDENT.

*Municipal corporations — defects in sidewalks of — when corporation liable for injuries arising from.*

On the 13th of May, 1875, the defendant, a municipal corporation, passed a resolution requiring certain persons to lower the sidewalks in front of their lots and conform the same to the established grade, and served the same, on May twenty-first, on one Avery. Avery entered into a contract with one Seymour, in pursuance of which the latter excavated and lowered Avery's sidewalk to the established grade and completed his work on the evening of the twenty-fourth. The change in the grade of the walk left it, at its north end, some fifteen inches lower than the adjoining walk. On the night of the twenty-fourth, the plaintiff, while passing along the walk, in ignorance of the change, fell and sustained injuries, to recover damages for which he brought this action.

*Held,* that the defendant was not liable for the negligence of the contractor, if any existed, since he was not its agent or servant, but that of Avery.

That it was not liable for a failure to keep the walk in proper repair, as there was no proof of any notice, actual or constructive, to it of the existence of the defect.

APPEAL from a judgment in favor of the defendant, entered upon an order made at the Circuit nonsuiting the plaintiff and dismissing his complaint.

The action was brought to recover damages for injuries received by the plaintiff in falling into an unguarded excavation in the sidewalk on Bleecker street, in the village of Gloversville, on the night of May 24, 1875.

The defendant required the bed of Bleecker street to be cut down the year before to a uniform grade, leaving the sidewalks on both sides much higher than the bed of the street. On May 13, 1875, the defendant, by its board of trustees, passed an ordinance requiring A. H. Avery and some others owning and occupying land on the east side of Bleecker street, to repair or relay their sidewalks in front of their premises on or before June first, or the same would be done by the village at their expense.

On May twenty-first the defendant caused a copy of this ordinance to be duly served on the said lot owners and published, with a notice to relay their said sidewalks in accordance with the requirements of said ordinance. The street or sidewalk committee who had

charge of fixing grades of streets and walks in the village went upon Bleecker street and fixed the grade to which the sidewalk was required to be cut down and lowered along said lots, up to the north line of A. H. Avery's lot.

A. H. Avery let the contract for cutting down the walk along his premises to the established grade, and relaying his sidewalk, as he had a right to do under defendant's charter. The old walk was taken up, which had been made of plank, and the walk was cut down about eighteen inches up to A. H. Avery's north line, leaving an abrupt cut or descent in the walk at that place, which was left open and unguarded and unprotected during the night of May twenty-fourth. The work was completed on that day. The plaintiff, while lawfully passing along the walk about ten o'clock that night, when it was very dark, not knowing that the street had been interfered with, stepped off into the excavation and was thrown down upon his back and neck and was seriously injured.

*Z. S. Westbrook*, for the appellant. It is the duty of the defendant to keep its streets and sidewalks in a safe condition and good repair at all times; and it knew or had reason to know that this dangerous place was being made in the sidewalk. It was therefore guilty of negligence in not seeing that it was properly guarded and protected by lights and barriers. (*Wilson* v. *City of Watertown*, 3 Hun, 508; *Deyo* v. *Village of Saratoga Springs*, 3 Sup. Ct., 504; *Clemence* v. *City of Auburn*, 4 Hun, 386; *Village of Seneca Falls* v. *Zalinski*, 8 id., 571; *Wallace* v. *Mayor, etc., of New York*, 2 Hilt., 440; *Storrs* v. *The City of Utica*, 17 N. Y., 104; *Nims* v. *Mayor, etc., of Troy*, 59 id., 500–504; *Weet* v. *Village of Brockport*, 16 id., 161; *Hutson* v. *The Mayor, etc., of New York*, 9 id., 163; *Hines* v. *The City of Lockport*, 50 id., 236.)

*Parkhurst & Baker*, for the respondent.

BOCKES, J.:

It was held in *Pack* v. *The Mayor* (8 N. Y., 222) that a city corporation was not liable for injuries to third persons, occasioned by the negligence of workmen engaged in grading a street, under the direction of a person having a contract with the corporation for the

performance of the work, at a fixed and stipulated price therefor. The case here before the court is less favorable to the plaintiff's right of action on the facts than was the one cited. In the latter case the work was being done under an express contract with the corporation for its performance. In the case in hand, there was no contract with the corporation for the performance of the work, by the party having it in charge. The authority from the corporation was here, but permissive, viewed in the strongest possible light in that regard. Those engaged in the work were in no respect the agents or servants of the corporation. According to the decision in the case cited, a recovery for an injury growing out of negligence, could be had only against the person actually guilty of the misfeasance or non-feasance, or against one to whom he stood in the relation of servant or agent. The same rule of liability, or rather non-liability, was again enunciated in *Kelly* v. *The Mayor* (11 N. Y., 432); and again in *McCafferty* v. *S. D. and P. M. R. R. Co.*, (61 N. Y., 178.) In this case in hand, the injury is alleged to have occurred by reason of the omission of the workmen to make a gradual and proper descent from the higher to the lower grade of the walk. They left the descent abrupt, and as is claimed, in an unguarded and dangerous condition. The alleged ground of negligence was, therefore, the non-feasance of those employed in the work. The rule of law above alluded to applies to cases of non-feasance and misfeasance alike. The learned judge was right in his application of the rule.

But it is now urged on this appeal that the injury was not occasioned by any negligence in doing the work, but by reason of leaving the abrupt descent unguarded, and it is insisted that there was a direct and independent duty devolving on the defendants to keep the streets and sidewalks within the corporate limits in safe condition for travel, and that they were liable to respond in damages to all persons, who, without fault on their part, should receive injury from neglect of such duty. (*Wilson* v. *City of Watertown*, 10 N. Y. S. C. [3 Hun], 508; *Deyoe* v. *Village of Saratoga Springs*, 3 N. Y. Sup. Ct. R. [T. & C.], 504; *Clemence* v. *City of Auburn*, 11 N. Y., S. C. [4 Hun], 386; *Storrs* v. *The City of Utica*, 17 N. Y., 104; *Todd* v. *City of Troy*, 61 N. Y., 506.) But the corporation will not be held liable without notice of the defect in the

highway causing the injury. It was said in *Wilson* v. *City of Watertown* (*supra*), that a municipal corporation will not be held liable for an injury caused by a nuisance in a street, created without rts authority or sanction, of the existence of which it had no notice. So in *Todd* v. *City of Troy* (*supra*), Judge EARL, speaking for the court, said that it was the duty of the municipal authorities to exer- cise an active diligence over the streets, to see that they were kept in a reasonably safe condition for public travel. But, he added, that before the city could be made liable in any case, it must be shown that it had notice of the bad condition of the street, and further as follows : " This notice can be either, express or constructive. By constructive notice is meant such notice as the law imputes from the circumstances of the case. * .* * After a street has been out of repair so that the defect has become known and notorious to those traveling the street, and there has been full opportunity for the municipality through its agents charged with that duty, to learn of its existence and repair it, the law imputes to it notice, and charges it with negligence." (Page 509.) Now, there is no proof in this case of actual notice to the municipality, nor is there any sufficient evidence of constructive notice, as such notice is above explained by Judge EARL. The work of grading had been progressing but a very short time. It does not appear that the particular defect com- plained of had existed for any considerable period before the acci dent. There is no evidence whatever that the officers of the munici- pality had reasonable ground, or any ground whatever, to anticipate the defect, or any opportunity to look to it and guard or remedy it after it existed and before the injury. Then, there was no actual notice to the municipality of the defect, nor was such a state of facts proved as would authorize a jury to find that it had construc- tive notice of its existence.

It is quite doubtful whether this question is raised by any excep- tion in the case ; but if well raised, there was not sufficient proof submitted to make it available as ground of error. We are of the opinion that the nonsuit and dismissal of the complaint was pro- perly directed.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment affirmed with costs.