JOHN EVERS, Plaintiff, v. THE HUDSON RIVER BRIDGE COMPANY, at Albany, Defendant.

*Negligence — when the failure to remove ice from a bridge is not.*

The plaintiff while crossing the defendant's bridge, between eight and nine o'clock on a winter's morning, slipped and fell, receiving injuries to recover damages for which this action was brought. On the night before rain had fallen which had frozen on the planks of the bridge and rendered them very slippery.

*Held*, that the failure of the defendant to remove the ice, within the few hours which elapsed from the time of its formation to the time of the accident, was not such negligence as rendered the defendant liable for the injury sustained by the plaintiff.

MOTION for a new trial on exceptions, ordered to be heard in the first instance at the General Term, after a nonsuit directed at the circuit.

*Mark Cohn* and *J. H. Clute*, for the plaintiff.

*Matthew Hale*, for the defendant.

BOCKES, J. :

The plaintiff was nonsuited at circuit, on the ground that the proof submitted failed to establish a cause of action. The action was for negligence, the plaintiff having been injured from a fall when passing over the defendant's bridge. On the morning of the accident the plaintiff started to cross the bridge on the sidewalk provided for foot passengers, and when near the western terminus he slipped and fell, receiving serious injury. The proof shows that the sidewalk on which the plaintiff was passing was at the time exceedingly slippery. During the preceding night (January twenty-fifth) there had been a considerable rain-fall, which froze as it fell, causing a covering of ice over the entire surface of the ground. The bridge was open and uncovered. The accident occurred between eight and nine o'clock, A. M. The grounds on which a recovery was claimed were (1) that the bridge was improperly constructed, both in manner of construction and material; and (2) that there was a negligent omission to keep the walk free

from snow and protected from ice. It is quite plain that the first ground on which a recovery was claimed is without support on the proof. The evidence shows that the bridge was well and properly constructed, and that it was of usual and suitable material. The foot-walk had a very slight slope and was floored with Georgia pine. The slope was but just sufficient to carry off the rain and prevent water from standing thereon so as to secure a comfortable dry walk. In this there was no negligence. Nor was there any negligence in flooring the walk with Georgia pine. This is the usual material employed by careful, prudent men for flooring, whether protected by a covering or uncovered. Besides, in this case, the plaintiff's fall was not occasioned by the smoothness and hardness of the flooring of the foot-path, but it occurred by reason of the ice which covered it.

Then, was there negligence, or reasonable ground for the jury to deduce negligence in the omission, either to remove the ice, or to ash or sand it? The formation of the ice was from a very recent and natural cause. But few hours at most had elapsed since the origin of the cause of the injury, when the accident occurred. The mere fact that the foot-walk was slippery from the recent formation of ice upon it did not establish negligence. (*Landolt* v. *City of Norwich*, 37 Conn., 615; *Stanton* v. *City of Springfield*, 12 Allen, 566; *Billings* v. *City of Worcester*, 102 Mass., 329; *Todd* v. *City of Troy*, 61 N. Y., 506; *Evans* v. *City of Utica*, 69 id., 166.) These authorities show very distinctly that this action could not be maintained on the facts proved, had the defendant been a municipal corporation. Nor can it be maintained against the defendant in this case, unless there was proof showing that the slipperiness had been allowed to continue an unreasonable length of time. Considered as a defect, it was not caused by the defendant. The fault, if any existed, consisted in permitting the defect to remain. Now it was proved that the ice had been but recently formed. But a few hours before the accident the rain had frozen as it fell. This was in the night time; and the injury complained of happened in the early winter morning. The proof is that it occurred between eight and nine o'clock. In our variable climate ice, during the winter months, is frequently and suddenly formed through the action of the elements. It may

continue a longer or shorter time, smooth and slippery. Permitting it to remain unheeded for a few hours is not against common prudence. This was the question here presented on an undisputed state of facts. The learned judge was therefore right in granting a dismissal of the complaint.

The motion for a new trial on the case and exceptions must be denied ; and judgment is ordered for the defendant for a dismissal of the complaint, with costs.

LEARNED, P. J., and BOARDMAN, J., concurred.

Motion for new trial denied, and judgment ordered for defendant on nonsuit.