JANE KINNEY, RESPONDENT, *v.* THE CITY OF TROY, APPELLANT.

*Negligence — liability of a city for an injury sustained by one falling in the street on a smooth piece of ice — evidence — what is admissible as tending to show notice.*

In an action against a city to recover damages for an injury sustained by a fall alleged to have been caused by slipping upon an icy sidewalk, it is no defense to the city to show that the ice upon which the plaintiff slipped was not in hommocks and ridges so as to obstruct travel, but was smooth and level, if it was so slippery as to be dangerous to persons passing over it. (LANDON, J., dissenting.)

Upon the trial of this action the court allowed the plaintiff to show that the street in which the accident occurred was patrolled by the police of the city, and in his charge to the jury the judge instructed them that they should ask them-

selves "whether there was anything in the condition of the street at that time, as the officer passed, to call his attention, or that of any other man passing by there, to the fact that it was in a dangerous condition."

*Held,* no error.

APPEAL from a judgment for $1,133.62 in favor of the plaintiff, entered upon the verdict of a jury at the Rensselaer Circuit in May, 1885, and from an order denying the appellant's motion to set aside the 'verdict and for a new trial, made upon the minutes of the justice before whom the action was tried.

The plaintiff fell on the sidewalk on the south side of Hoosick street, between North Third and North Second streets, in the city of Troy, on the 24th day of December, 1880, and sustained a fracture of the wrist of the right arm. The plaintiff lived less than a block away from the place of the accident, viz., in Green street, which is a narrow street or lane between North Second and North Third streets, and she had lived there for thirteen years. She had been to Patton's laundry, and was returning home with three dozen shirts, which she was carrying in her arms, about three o'clock in the afternoon. One Conway kept a meat market on the southwest corner of Hoosick and North Third streets, the principal entrance to which was on Hoosick street, near to North Third. When opposite Conway's building the plaintiff slipped and fell on a patch of ice. The grade of the street, and the grade of the sidewalk from the building to the gutter, were good. The ice upon which the plaintiff slipped extended in a thin sheet from the house to the gutter. Upon the trial the plaintiff was allowed, against the defendant's objection and exception, to show that the portion of the street where the accident occurred was daily patrolled by policemen. In his charge the judge said: " If you find that the officers, who are policemen, had traversed this street and saw that the street was in the condition named, then you would ask yourselves whether there was anything in the condition of the street at that time, as the officer passed, to call his attention, or that of any other man passing by there, to the fact that it was in a dangerous condition. Was it in a dangerous condition to such an extent as to call for immediate or any attention on the part of the citizens? The mere fact that there is an icy sidewalk is not sufficient. If that were sufficient then there would be one continual work on the part of all citizens to attempt, at

least, to keep their sidewalks entirely free from ice, and it would be a failure, at that, in many instances. But if this policeman passing along, simply, saw there was some ice upon that spot, the question would be for you to say whether it was, as matter of.fact, such a dangerous spot as called for the suppression of it under the duty which the city owed of fairly active vigilance in regard to such matters. If you find that under these circumstances there was no negligence on the part of the city, why that is the end of the case so far as any right of the plaintiff to recover is concerned."

*William J. Roche*, for the appellant.

*Thomas Neary* and *James Lansing*, for the respondent.

LEARNED, P. J.:

In examining the Massachusetts cases *Stanton* v. *Springfield*, (12 Allen, 566) and *Luther* v. *Worcester* (97 Mass., 268), and the like, which are strongly urged on us by the defendant, we must notice that the liability there sued upon is statutory. In the latter case, at page 271, it is said : " It cannot be supposed that the legislature *in making towns liable for damages caused by defects in highways* intended," etc. And it will be seen by reference to the former case that the statute is one which applies to towns and cities, requiring them to keep roads "safe and convenient," and the argument of the court is that towns could not be required to keep roads free from ice. But the only liability under which our cities are is one which arises from the common-law principle of liability for negligence. There is not an absolute duty to keep roads and streets safe and convenient. But there is a duty not to be negligent. And the question of negligence is one for the jury, as has often been said.

I am aware of the danger that juries may sympathize with the injured plaintiff, and may be unjust to the corporation. But that is one of the imperfections of the tribunal, which the people have established. It is no less the lawful tribunal. Now I cannot see that a smooth surface of icy sidewalk may not be just as dangerous as a ridgy surface. And if the city is liable when it knowingly permits a ridge of ice to continue on a sidewalk, on which a person falls, it must be liable when it knowingly permits a smooth piece of ice to continue, and a similar accident happens.

The doctrine of *Todd* v. *City of Troy* (61 N. Y., 506), does not rest upon the particular shape in which the ice existed. It rests on the duty to exercise an active vigilance to keep the streets in a reasonably safe condition. And such has been the doctrine of the numerous cases which have followed that.

In *Muller* v. *Newburgh* (32 Hun, 24) a majority of the court held that when ice formed on Thursday, and the plaintiff fell and was injured on Sunday, there was not evidence for the jury on the question of presumptive notice to the defendant. I think great difficulty will be found, if the courts attempt to declare, as law, what time the obstruction must have existed in order to permit the question of notice to go to the jury.

The court in the present case carefully charged the jury that the mere fact that there was an icy sidewalk was not sufficient; that the question was whether the city had exercised that vigilance which should be exercised under the circumstances. I cannot see that such vigilance should be directed only to uneven, and never to smooth, ice. As to the testimony given in respect to the patrolling of policemen and their instructions, taken in connection with the charge of the court, it seems to me to be unobjectionable. I do not see that the defendant's liability was made to follow from the acts of the policeman.

I think the judgment and order should be affirmed, with costs.

BOOKES, J.:

The defendant was bound to keep and maintain its streets in a reasonably safe condition for public travel, and this as regards impediments to safe travel, whether because of actual obstructions, as in the case of hommocks and dangerous obstructions of every kind of a material character, as also because of holes and slippery surfaces. The particular form of the obstruction which may be claimed to be dangerous or otherwise cannot be declared as matter of law, that must depend entirely upon the proof as to what caused the injury. A smooth slippery surface may be dangerous to the traveler, and such condition of danger should be remedied in a case like the present, or liability for injuries to him because of it would follow, so be it that the city had notice, actual or constructive, and in due time after notice omitted to remedy it or to give needful

warning of the danger, the injured traveler himself being free from fault. I am clearly of the opinion that this case was for the jury on the proof.

The exception taken to the evidence, and also to the charge of the court touching the subject of the patrolling of the streets by the police, is, as I think, without force. The learned judge did not, in the admission of the proof or in the charge, hold as matter of law that notice to the police was notice to the city. He allowed the fact to be proved that the street was patrolled, that is, passed over by the policeman. This was but showing who passed along the street, and how frequently and how employed, as evidence bearing on the question of constructive notice to the city of the danger. Had it been intended to raise the question whether notice to the policeman was notice to the city, it should have been done by obtaining a ruling by the court directly upon the proposition.

On the whole I am of the opinion that the judgment should be affirmed.

Landon, J. (dissenting):

In *Todd* v. *City of Troy* (61 N. Y., 506) the rule that it is the duty of a municipal corporation to exercise an active vigilance over the streets, to see that they are kept in a reasonably safe condition for public travel, was so applied as to charge the city with negligence for omitting to take notice of and remove a ridge of ice, formed by the discharge of water from a conductor of a house. This water ran across the walk into the street gutter and would alternately thaw and freeze, as the weather was warm or cold. The court said that the municipal authorities are called upon to observe, notice and see that the public streets, in time of winter, are reasonably cleared of snow and ice. It would be unreasonable in this climate to require a municipal corporation to keep its sidewalks absolutely free from snow and ice. The cases show that something more than the mere proof that snow or ice has been suffered to remain upon the sidewalk, is required to charge the municipality with a neglect of its duty.

In *Todd* v. *City of Troy* the negligence or wrong of the householder co-operated with the elements to create a dangerous icy ridge upon the walk.

In *Evans* v. *City of Utica* (69 N. Y., 166), the snow had not been at all removed from the portion of the sidewalk in question, but had been suffered to accumulate for a month or more and had thawed and frozen until the ice had formed from four to six inches thick with an *uneven* surface.

*Darling* v. *Mayor* (18 Hun, 340) was very like the Todd case. In *Pomfrey* v. *Village of Saratoga* (34 id., 607) the snow had fallen from a barn, and being suffered to remain formed such a ridge on the walk that it could not be crossed without difficulty.

In *Stanton* v. *City of Springfield* (12 Allen, 566) it was held that the mere fact that a highway is slippery from ice upon it when there is no such accumulation of ice and snow as to constitute an obstruction, and if the walk is in other respects in good order, is not a defect requiring action on the part of the city.

In *Luther* v. *Worcester* (97 Mass., 268), the above rule was repeated, but it was held that a defect might be found to exist where the ice or snow was suffered to remain in drifts or ridges, or so uneven, as by means of these peculiarities to add to the danger which mere slipperiness of the snow or ice would occasion.

Such we think to be the proper rule and the one indicated in the cases above cited; also in *Durkin* v. *City of Troy* (61 Barb., 437, 454); *Muller* v. *City of Newburgh* (32 Hun, 24).

In this case the judge substantially so charged. We do not think the evidence established any defect from the ice which the city was under any obligation to remedy. There was a small patch of ice, extending from the house out upon the walk. The plaintiff's testimony is to the effect that it had been sprinkled with sawdust. Some attempt was made to have her describe it as a ridge, but this does not appear to have succeeded. She spoke of a gutter coming down from the building, but it plainly appears there was none. She described the ice as "all in one sheet just alike." It is plain that she slipped upon the ice because it was slippery, not because it was uneven, or rounded, or ridgy.

The judgment should be reversed.

Judgment and order affirmed. with costs.