Bradley, J.
—In the evening of January 20, 1887, the plaintiff while going westerly on the walk of the south side of G-reig street in Canandaigua, towards her home, fell and received a serious personal injury. Her fall was caused by ice which rendered the walk slippery. By the charter the trustees are commissioners of highways within the village, and are given the power to prohibit encumbering the sidewalks and to compel persons to remove snow from them opposite their lots respectively within such time as may be prescribed by the by-laws of the village. While it is the duty of the defendant to use reasonable care to keep the *669 walks in a condition of safety for travel upon them it is in no sense the insurer of persons against injury resulting from their use. The question is whether the misfortune of the plaintiff was attributable solely to the negligence of the defendant. It is contended on the part of the defense that the evidence required the conclusion that the ice which caused the plaintiff to slip and fall was caused by the sudden congelation of recently falling rain. Some evidence was given to that effect, and tending to prove that a thin layer of ice was that evening in that manner spread over the walks there and other parts of the village, which rendered them slippery and their use by the public difficult.
If the jury were required, by the evidence, to find the condition which caused the plaintiff’s fall was- so occasioned, the verdict cannot be supported, because such occasional falling and suddenly freezing of water upon the surface of walks is an effect resulting from natural causes which cannot be guarded against, and for the consequences of which to those traveling upon the streets a municipality is not responsible. Taylor v. City of Yonkers, 105 N. Y., 202; 7 N. Y. State Rep., 332.
The evidence is not entirely in harmony on this subject. The walk in question is on the south side of Greig street, along what is known as the school lot, and made of flag stones. The lot fronts on Main street and extends west along Greig street, and down grade upwards of three hundred feet.
Several years before the accident school buildings were erected there, and the lot was made higher by filling it with earth and the sidewalk was laid. And the evidence tends to prove that this was so done that the northern portion of the lot or some part of it was made to slope toward the walk, and that for a considerable time before that in question water, produced by rains and melting snow on that part of the lot, ran more or less upon and across the walk, ■as there was no other way for it to pass off and reach the gutter of that side of the street, although there had previously been tile extending under the walk for that purpose, which had become obstructed and useless. And, on the part of the plaintiff, evidence was given tending to prove that as a consequence of this situation water had run upon the walk there, frozen, and ice accumulated, which had been there a considerable time before and remained there at the time of the injury, and that this accumulation of ice rendered the walk unsafe, and caused the plaintiff’s fall.
There is some conflict of evidence in respect to the collection of ice and its previous continuance there. The question upon' that subject was one of fact for the jury. *670 And the evidence permitted the conclusion that there was an accumulation of ice on the walk, that it had remained there a length of time sufficient to charge the trustees of the defendant with notice of its existence, and which had enabled them, by the exercise of ordinary care, to have caused its removal, and that its condition was such as to warn them of the necessity of its removal to give safety to the use of the walk for public travel.
The jury were, therefore, enabled to find that the defendant,' having failed to perform its duty in that respect, was chargeable with negligence. Todd v. City of Troy, 61 N. Y., 509; Gillrie v. Lockport, 12 N. Y. State Rep., 707.
But that fact is unimportant unless such negligence caused the injury complained of. And upon that question there is much evidence which required consideration.
If, as claimed by the defense, the slippery condition causing the plaintiff’s fall, was produced by a film of ice caused by the sudden congealment of then recent rain fall, the negligence referred to of the defendant would not support the recovery. While there was evidence tending to support that view, there also was other evidence to the effect that it had not frozen any that day or evening, that there was no new ice formed at the place and time in question, and that water on the surface of the ice which had before then accumulated there, rather increased than diminished its slippery condition. And although the evidence does not conclusively establish the precise point on the walk where the plaintiff fell, her description of the place was sufficient to permit the jury to find that it was where such accumu* lation of the ice was said to have been located.
And the question of her contributory negligence was also for the jury. The plaintiff says that in passing there early in the day she observed the condition of the walk, and on her return in the evening intended by the use of a lantern to avoid it, but that as she approached the place, the light of the lantern was blown out by the wind, and she soon after stepped upon the ice and fell. The fact of such knowledge did not necessarily charge her with negligence. And her evidence is that she was proceeding cautiously and carefully when she was without fault deprived of the benefit of her latern and was suddenly left in darkness near the place of injury.
This walk was on her course home, near which she was approaching at.the time of the occurrence. And although she knew the condition of the walk, she was not denied the. right of traveling on it without being necessarily charged with negligence contributing to the injury, if by the exercise of care she may reasonably have expected to avoid the danger. This was a question of fact for the jury. Evans *671 v. City of Utica, 69 N. Y., 167; Bullock v. City of New York, 99 id., 654.
After a careful examination of the evidence which presented questions of fact somewhat close, upon which the liability of the defendant depended, we think it was sufficient to support the verdict, and therefore the motion for non-suit was properly denied. The defendant’s counsel requested the court to charge the jury that the defendant was not liable if the injury was occasioned by the freezing of water which ran upon the walk, it' it was caused by the defendant, or any one else in making the grade of the walk or in establishing the slope.
And the court • remarked that it had withdrawn all that question from the consideration of the jury, and charged that they were not to find any verdict for the plaintiff by reason of any imperfections or defects in the grade or sloj)e of the walk, but the fact of its grade and slope being as it was, was one of the circumstances which may have rendered the overflow of water from the school house lot a dangerous obstruction.
Exception was taken to the refusal to charge as requested and to the charge as made. And it is contended that, in view of the holding of the court, that the imperfections and defect in the slope of the walk furnished no cause of action, and of the withdrawal of that fact from the consideration of the jury, except for the qualified purpose stated, the defendant was entitled to a verdict as such construction and alleged defect of the walk was the theory of the plaintiff’s cause of action as alleged.
It is true that this constituted a substantive cause of action as alleged in the complaint, but the cause upon which the jury were permitted under the charge of the court to find for the plaintiff is also embraced within the allegations of the complaint sufficiently to give support to the verdict upon the record. And in view of the charge as made before as well as following the request, the exception was not well taken. The court was also requested to charge “that if the ice upon which the plaintiff fell was caused by the freezing of falling rain, or from snow which had fallen and melted and then congealed, without any instrumentality on the part of the defendant,” the plaintiff could not recover. And the trial judge remarked, “I do so charge unless it had existed so long that it ought to have been discovered by the exercise of reasonable care on the part of the trustees.” In support of his exception to the refusal of the court to charge as requested, the learned counsel for the defendant cites Taylor v. City of Yonkers, where it Was said, “ When the streets have, been wholly or partially cleaned, it often happens that a fall of • rain or the melting *672 of adjoining snow is suddenly followed by severe cold, which covers everything with a film or layer of ice and makes the walk slippery and dangerous. This frozen surface it is practically impossible to remove until a thaw comes, which remedies the evil. The municipality is not negligent for awaiting that result.”
The approval of those remarks has the support of the general observation and understanding of all familiar with latitudes of snow and frost. But while the request to charge embraces that proposition, it is not necessarily confined to it.
The accumulation of ice may have been produced “from snow which had fallen and melted and then congealed,” and the defendant be chargeable with negligence for failing to remove it after its continuance was for such time as to impose upon the trustees in the exercise of reasonable care the duty to do so.
That situation and consequence were distinctly recognized by the court in the Taylor Case; and that condition for which the municipality was held not chargeable with negligence and for the removal-of which it was at liberty to depend upon natural causes, was not an accumulation of ice from any cause, but was that condition produced by the sudden freezing of the water of falling rain or melting snow, or both, resulting in a thin layer of ice pervading the surface. The proposition of the request embraced both conditions, and did not exclude from it the gathering of ice at the place in question through the process of the congelation of melting snow, unrestricted as to the time of its occurrence, or as to the length of time the process of accumulation had been going on to produce it, or of its continuance there. And for that reason we think the exception was not well taken.
No other question or exception seems to require consideration.
The judgment and order should be affirmed.
Barker, P. J., and Haight, J., concur.