### DUNCAN *v.* CITY OF BUFFALO.

*(Supreme Court, General Term, Fifth Department.  October 19, 1888.)*

MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—INSTRUCTIONS.

In an action for injuries caused by ice on the sidewalk, where there is evidence that eight inches of snow fell within one day of the accident, and that before such storm there was no ice at the place of the accident, a refusal to charge that if the accident was caused by such storm, or ice formed from it, the city is not liable, is error, where plaintiff fails to show that the dangerous condition of the walk, resulting from such storm, continued any length of time; though there was evidence to warrant the jury in finding that the walk was in dangerous condition from previous storms.[1]

Appeal from circuit court, Erie county.

Action by Isabella Duncan against the City of Buffalo for injuries caused by falling on a sidewalk in defendant city. From a judgment entered on verdict, and from an order denying motion for new trial, defendant appeals.

Argued before BARKER, P. J. and HAIGHT, BRADLEY, and DWIGHT JJ.

*Frank C. Laughlin,* for appellant.  *Edward C. Randall,* for respondent.

BRADLEY, J.  On Sunday morning, the 14th day of November, 1886, the plaintiff, while walking on the sidewalk of Terrace street, in the city of Buf-

---

[1] As to the liability of municipal corporations for injuries caused by icy and slippery sidewalks, and what is constructive notice of such defects, see Adams v. Town of Chicopee, (Mass.) 18 N. E. Rep. 231, and note; Tobey v. City of Hudson, *ante,* 180, and note; Harrington v. City of Buffalo, *ante,* 333, and note.

falo, fell, and received personal injuries, which she alleges were occasioned by the negligence of the defendant. The trial resulted in a verdict for the plaintiff. The charge is that the negligence of the defendant which caused the injury was in permitting ice and snow, which had accumulated on the walk, to remain there, and render the use of the walk dangerous to persons traveling upon it. The burden was upon the plaintiff to prove that the sole cause of the injury was the negligence of the defendant. This she sought to do by evidence given, tending to prove that, at the time in question, there was ice accumulated at that place upon the walk which caused her slip and fall; that this was a ridge of ice several inches in height, extending across the walk, and that it was caused by the freezing of water which flowed onto the walk from a pipe which conducted water from the roof of an adjacent building; that the building was an old police station of the city; that there was another ridge of ice, not quite so high, upon the walk, and extending lengthwise of it; and that she slipped and fell at the point of intersection of the two ridges of ice. And further evidence was given to the effect that this ridge, extending across the walk, had remained there for eight or ten days prior and up to that time. The fact whether or not there was any ice there at the time of plaintiff's fall, or had been any there that autumn before then, was the subject of conflict of evidence, and in respect to which several witnesses on the part of the defense testified that there was not then, and had not recently before then been, any ridge of ice on the walk. One of those witnesses was the person who had charge and kept the records of the United States signal service at Buffalo. He gave evidence, as represented by such records, of the temperature from day to day, and of the rainfall and snow for some time preceding and up to that in question, which tended to show that the weather in respect to storm and temperature was not such as to permit the production or continuance of ice there to any extent recently before or at that time. It is contended that, in view of the proof given on the part of the defendant upon this question, the conclusion that such a ridge of ice was there at the time was so against the weight of the evidence as not to be entitled to support as a fact, although so found by the jury. This was a question of fact, and the force of the evidence on the part of the defense, as against that furnished by the plaintiff, was properly for the consideration of the jury, who had the opportunity and means furnished at the trial superior to those available on review to appreciate the force and effect of testimony given by witnesses. Assuming, as we must, that they adopted as true in that respect the situation, as represented by the evidence on the part of the plaintiff, the most favorable to her, the jury were permitted to find that the defendant was chargeable with negligence in permitting the walk to remain in the condition in and for the time which it was so represented to have been in that situation; and the fact that the water-pipe of the city building was in such condition or so situated as to conduct water from it onto the sidewalk was entitled to consideration on the question of notice to the defendant of its effect in case the weather had been such as to produce the flow of water from that source, and to congeal it upon the walk. *Todd* v. *City of Troy*, 61 N. Y. 506. The conclusion was also warranted that the plaintiff was free from contributory negligence, and that the injury resulted solely from that of the defendant. *Evans* v. *City of Utica*, 69 N. Y. 166; *Bullock* v. *Mayor*, 99 N. Y. 654, 2 N. E. Rep. 1.

It appeared that there was a fall of snow on November 6th, and that a snowstorm commenced on the evening of November 12th, and continued until the next morning, and that this snow produced a depth of eight inches of snow. The defendant's counsel requested the court to charge the jury that, "if the accident was caused by the storm of Friday night and Saturday, or the snow that fell in that storm or any ice formed from it, the city is not liable," and to the refusal of the court to so charge excepted. Treating this proposition as embracing within its terms the sole cause of the plaintiff's injury, the ques-

tion arises (and such evidently was the question the defendant's counsel designed to present) whether the failure of the defendant to remove, prior to the time of the accident, the snow, and whatever had resulted from it to impair the safety of the use of the walk, permitted the conclusion of negligence of the defendant, presents a question of some difficulty. The duty resting upon the city was to use reasonable diligence in keeping the sidewalks within it in a condition of safety for the use of the public. The streets are many, and the miles of sidewalk upon them are more. When snow falls to such an extent that it may be liable to interrupt or endanger the travel upon the walks, it is the duty of the city to remove it within such time as reasonable diligence may permit; and what is a reasonable time depends upon circumstances, and cannot be definitely measured by any rule of law. It is usually a question of fact with the jury. That this snow fell, and of its depth, the constituted authorities of the city were advised. The question, therefore, is whether the defendant can be charged with negligence for failure to remove this snow within one day after it fell, or, in case within that time the condition of the walk became dangerous to the traveler by reason of its use, and by the conversion of the snow or part of it into ice, was the conclusion permitted that the city was chargeable with constructive notice of such condition prior to the time of the injury? The latter question must be answered in the negative; because, in view of the proposition now under consideration, it is not made to appear when such condition was produced, or how long it had continued. It may, for aught that appears, have existed one hour, more or less. The burden was upon the plaintiff to prove its continuance sufficient time to justify the charge of constructive notice, which is founded upon the idea that, by the exercise of the requisite diligence, the situation would have been ascertained. *Evers* v. *Bridge Co.*, 18 Hun, 144; *Blakeley* v. *City of Troy*, Id. 167; *Foley* v. *City of Troy*, 45 Hun, 396; *Requa* v. *Rochester*, 45 N. Y. 129. And while the time within which reasonable diligence requires the performance of such duty is ordinarily a question of fact, whether the evidence is sufficient to submit it to the jury as such may be such a question of law. We think the failure of the defendant to remove before the injury the snow from this walk that fell Friday night and Saturday morning could not, upon the evidence, charge it with negligence. To hold otherwise would require the determination that the omission to clean the snow from any portion of the many miles of sidewalk in the city within that time would support the charge of negligence against the defendant. This would impose upon the city burdens arising from natural causes, the performance which would seem to be impracticable, and not within that reasonable care and diligence which law requires it to exercise. See cases before cited. *Taylor* v. *City of Yonkers*, 105 N. Y. 202, 11 N. E. Rep. 642; *Kaveny* v. *City of Troy*, 108 N. Y. 571, 15 N. E. Rep. 726. This conclusion is reached upon the assumption that the only causes of the injury were those mentioned in the proposition which the court was requested to submit to the jury, and that it excluded from their consideration all other facts, relating to the situation, which the evidence on the part of the plaintiff tended to prove. It is, however, contended by the plaintiff's counsel that the proposition so submitted is not entitled to such construction, and was not warranted by the evidence. His view would be supported if there had been no evidence to the effect that immediately preceding that snow-storm there was no ice upon the walk. It was probably in view of such evidence on the part of the defense that the request to charge was made; and the apparent purpose in making it, and its fair import, seem to be such as to exclude all other causes of the injury than those mentioned in the proposition from it, with a view to a ruling upon the effect of them alone upon the question of liability of the defendant. There was not involved in it any flow of water through the pipe onto the walk from the building, because there was no evidence of such flow during or after the snow-storm of Friday night and Sat-

urday. The evidence on that subject was that the ridge which may be said to have been caused in that manner there, was produced and remained there before such storm. While, as before said, the evidence was sufficient to justify and support the recovery, there was also evidence that permitted the submission of the proposition which the court was requested to and refused to charge. We think the exception to such refusal was well taken. And for that reason alone the judgment and order should be reversed, and a new trial granted, costs to abide the event.

BARKER, P. J., and HAIGHT and DWIGHT, JJ., concur.