62  353
8ap122

EMMA JONES, RESPONDENT, *v.* THE CITY OF ALBANY, APPELLANT.

*Municipal corporations — action for the negligence of a city — construction of a charter — what is a " reasonable time" within which a law department must act.*

The charter of the city of Albany provides that all claims against the city for injuries sustained by reason of defects in highways shall be presented to the common council in writing within three months after the injury is received; that the failure to make such presentation shall be a bar to an action against the city; that the law department of the city shall consider the claim and report on it within three months from the date of the reference of such claim, and that such a claim may be paid or settled by the consent of the mayor and board of finance.

There was a further provision that no action should be brought upon the claim until it had been presented and a reasonable time should have elapsed within which it might have been passed upon by the common council or chamberlain.

Such a claim was presented to the common council on January twenty-fourth; was referred to the law department on February third, and before any report had been made upon it by the latter was put in suit March eighteenth.

*Held,* that the action was prematurely brought.

That, in the absence of any proof that the law department had been negligent in delaying action upon the claim, the " reasonable" time given it by the statute for investigation must be taken to mean three months from the time the claim was referred.

 APPEAL by the defendant, the City of Albany, from a judgment, entered in the office of the clerk of the county of Albany on the 12th day of May, 1891, upon the verdict of a jury in favor of the plaintiff for $3,500, after a trial at the Albany Circuit before the court and a jury, with notice of an intention to bring up for review upon such appeal an order, dated the 7th day of May, 1891, and entered in said clerk's office, denying a motion for a new trial; also an order

denying the motion of defendant to dismiss plaintiff's complaint and an order denying the motion of defendant for a nonsuit.

*D. Cady Herrick*, for the appellant.

*Hugh Reilly*, for the respondent.

KELLOGG, J.:

The plaintiff brings her action for damages for personal injuries sustained through the negligence of defendant. The negligence alleged is the failure to repair a defective sidewalk within the city limits. The questions of negligence and damages were submitted to the jury and a verdict was rendered in favor of plaintiff for $3,500.

At the opening of plaintiff's case the defendant moved to dismiss the complaint generally upon the ground that the complaint did not state facts sufficient to constitute a cause of action; and, specifically, upon the grounds that it did not allege a compliance with certain provisions of the city charter touching the presentation of plaintiff's claim to the common council, and lapse of statutory or reasonable time for its consideration before action brought; also a failure to allege notice to or knowledge in defendant of the defect in the sidewalk. The motion to dismiss was denied.

Defendant moved for a nonsuit at the close of plaintiff's case, again bringing up the questions as to compliance with the provisions of the city charter stated.

At the close of the case the defendant renewed the motion for nonsuit on the same grounds, and the motion was again denied.

The questions involved in this appeal are the questions raised by these motions. The charter of the city of Albany (chap. 298, Laws of 1883, tit. 3, § 45) provides:

"All claims against the city for damages for injuries to the person, claimed to have been caused or sustained by defects, want of repair, or obstructions from snow or ice, or other cause in the highways, streets, sidewalks or cross-walks of the city, because of the negligence of the city as to the highways, streets, sidewalks or cross-walks of the city, shall be presented to the common council in writing within three months after said injury is received. Such writing shall describe the time, place, cause and extent of the injury, so far as then practicable, verified by the oath of the claimant. The omis-

sion to present said claim, as aforesaid, within three months shall be a bar to any claim or action therefor against the city; and the law department shall consider said claim and report thereon to the common council within three months from the date of the reference of such claim, but no such claim shall be settled or paid, except as prescribed in section 10 of title 5 of this act."

Section 10 of title 5, above referred to, in substance, provides that the corporation counsel may, with the approval of the "mayor and board of finance," compromise and settle claims against the city.

Another section provides: "No action or suit shall be brought or maintained until the claim shall have been presented and a reasonable time shall have elapsed within which such claim might have been passed upon by the common council or chamberlain as herein provided for." (Id., tit. 3, § 51.)

We are of opinion that the restrictive clause is applicable to claims for personal injuries as well as to other claims presented against the city. If it were not so, there seems to be nothing to prevent suit on such claims immediately upon the happening of the injury and before any claim is presented to the common council. The provision that such claim shall be presented with due particularity as to "time, place, cause and extent of injury," within three months, or action thereon shall be barred, might be complied with as well after suit brought as before. Indeed, the service of a verified complaint containing the particulars required upon the common council might well be determined to be a substantial compliance with this provision. To give any utility or beneficial effect to these provisions of the charter a construction must be given to bear out the plain purpose of the enactment.

We are of opinion that these provisions clearly contemplate an opportunity on the part of the city to investigate the merits of the claim for personal injuries before any action can be brought and opportunity to negotiate a compromise or settlement to save cost and expenses to the taxpayers. That the first step must be taken by the claimant, and within three months of the date of the injury received the claimant must present to the common council, in writing, a verified statement setting forth the time, place, cause and extent of the injury. The common council must then refer such claim for investigation to the law department, and the law department must

within three months thereafter investigate and report back to the common council for further action the results of their inquiry. The common council is held in suspense, so far as relates to the claim, until such report is made; and the right to bring action in the courts is also held in abeyance until such report can with reasonable diligence be made, but not beyond the three months given by statute to the law department for investigation. Any other construction, it seems to us, would defeat the manifest object of the provisions, viz., opportunity to investigate and opportunity to compromise or settle.

It seems to us it can rarely, if ever, be determined, as a matter of law, and certainly not upon the evidence in this case, that the full three months given to the law department by the statute was more time than was needed and was not "a reasonable time." Unless there is some allegation in the complaint of lack of diligence on the part of the law department and some proof to sustain such allegation, the legal inference must remain that this department has discharged its full duty if it reports within the time limited by statute.

The claim of the plaintiff was presented by plaintiff to the common council on January twenty-fourth; it was referred to the law department on February third. The action was commenced March eighteenth, and before any report had been made by the law department. And the learned justice, at the trial, held, as a matter of law, that this afforded "reasonable time" for investigation as contemplated by the provisions of the charter referred .to. In this we think the court erred. If it were permissible — which we seriously doubt — to make proof that the law department, which is given three months by statute in which to investigate, was not diligent and might have made an earlier report upon a claim for so large a sum, still there was, in fact, no proof offered showing or tending to show lack of diligence in the law department or affording any ground for curtailing the statutory time of three months to less than two months.

For the reason stated we are of opinion that the motions for nonsuit should have been granted. The conditions to which we have alluded, to wit, the presentation of the claim to the common council, and the opportunity for three months to investigate the merits of the claim and to compromise or settle, are precedent conditions

to any standing in court; and the performance of these should be in the complaint alleged, excused or failure charged to defendant's neklect; and it becomes a part of plaintiff's duty to establish by proof such allegations. Nothing of this appears either in the plaintiff's complaint in this action or in the evidence on the trial; hence the request of plaintiff on this appeal to so amend the complaint to conform to the proof would, if granted, avail her nothing.

The judgment must be reversed, new trial granted, costs to abide event.

LEARNED, P. J., and MAYHAM, JJ., concurred.

Judgment reversed, new trial granted, costs to abide event.