(8 App. Div. 118)

## MORIARTY v. CITY OF ALBANY.

(Supreme Court, Appellate Division, Third Department. July 7, 1896.)

MUNICIPAL CORPORATIONS—PERSONAL INJURIES—NOTICE OF CLAIM.

Albany City Charter (Laws 1883, c. 298, as amended by Laws 1891, c. 286) tit. 3, § 45, requires claims against the city for personal injuries to be presented to the common council within three months after the injury is received, and provides that the law department, when such claims are referred to it by the council, must report within three months after date of reference. Section 51 provides that no action shall be brought within 40 days after a claim shall have been presented, and the common council shall have neglected or refused to make any adjustment or payment thereof. *Held*, that where the common council refers a claim to the law department, no action will lie until the law department has reported to the council, which it may do at any time within three months.

Appeal from trial term, Albany county.

Action by Patrick Moriarty against the city of Albany for personal injuries. The complaint was dismissed, and plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Eugene D. Flanigan, for appellant.
John A. Delehanty for respondent.

MERWIN, J. In the afternoon of April 11, 1893, the plaintiff, as he was walking along the sidewalk on the easterly side of Dean street, in the city of Albany, fell, and received an injury for which in this action he seeks to recover damages from the defendant upon the ground of negligence. At the place where plaintiff fell there was a driveway from the gutter to a side entrance into a building next the street line. This was used for driving horses and wagons into the building for the purpose of loading and unloading goods. This driveway was formed of plank about 13 feet long, laid parallel with the sidewalk, and on sleepers, and extending from the side of the building to within about 18 inches of the line of the curbing; and from there it was stone block pavement to the gutter, no curbing being laid. The platform at the building was five or six inches above the level of the sidewalk, and descended gradually to the level of the sidewalk at about the line of the curbing. The plaintiff testifies that as he came along he gave one step on the planking, and his foot went through, and he fell; that he thought the walk was safe enough to walk on, but after he fell he discovered that the plank he stepped on was rotten. There was other evidence tending to show that the plank broke through by reason of its being rotten, and that the space under the plank at that point was about four inches

deep. It does not appear who laid the platform. Presumptively it was the owner or occupant of the building. Nor does it appear when it was laid, though there is evidence that it appeared old. The ends of some of the plank appeared somewhat decayed, and there were two or three patches on the platform. By section 45 of title 3 of the charter of defendant (chapter 298 ot the Laws of 1883), as amended by chapter 286 of the Laws of 1891, it is provided that claims like the present one shall be presented to the common council in writing within three months after the injury is received. "Such writing shall describe the time, place, cause and extent of the injury, so far as then practicable, verified by the oath of the claimant. The omission to present said claims as aforesaid, within three months, shall be a bar to any claim or action therefor against the city; and the law department, which shall consist of the recorder of said city of Albany, the law committee of the common council and the corporation counsel, shall consider said claim and report thereon to the common council within three months from the date of the reference of such claim, but no such claim shall be settled or paid except as prescribed in section ten of title five of this act." Section 10, referred to, provides for a method of compromising and settling such claims. By section 51 of title 3, as amended by chapter 286 of 1891, it is provided:

"That no action or suit shall be brought or maintained until after the expiration of forty days after the said·claim shall have been presented to the said common council as herein provided for; and said common council shall have neglected or refused to make any adjustment or payment thereof."

On the 30th June, 1893, the plaintiff presented to the common council his claim in writing, duly verified, and it was referred to the law committee. In this claim the cause of the injury is stated as follows:

"In consequence of his striking his foot against an obstruction upon the sidewalk and falling on the said sidewalk on the east side of Dean street, between Hudson avenue and State street, in the city of Albany, and on that portion thereof fronting the west side of the building known as 'No. 16 State Street,' by reason of the said walk at that point coming to an abrupt rise, and covered with boards, which boards are worn and broken, and present a ragged and irregular surface; and the sidewalk outside of the same sloping toward the gutter, and built and constructed of irregular pieces of paving."

On the 2d September, 1893, the plaintiff served on the corporation counsel notice of intention to commence this action, and the action was commenced on the 7th September, 1893. Prior to that time, no report had been made on the claim to the common council by the law department of the city, and there had been no settlement of the claim. It was claimed on the part of the defendant on the motion for nonsuit, and is here claimed: (1) That the defendant cannot be charged with a neglect or refusal to make any adjustment until after the lapse of three months from the date of the presentment of the claim, unless the law department sooner reports thereon; and that, as no such report was made, and this action was commenced before the expiration of three months, it was prematurely brought; (2) that the claim as presented did not comply with the statute in its statement of the cause of the injury; (3) that the evidence is not

sufficient to justify a finding that any negligence on the part of defendant caused the injury. By section 51, above referred to, there must not only be the lapse of 40 days, but also it must appear that the common council have neglected or refused to make any adjustment or payment. By section 45 it was provided that the law department "shall consider" the claim, and report thereon, and it had three months within which to do it. It may be, the common council might have refused to adjust or pay without referring the claim, but under the statute it had a right to refer it. Can it be said that, because it exercised the right the law gave it, it is chargeable with neglect or refusal to adjust or pay? The two sections are a part of the same amendatory act. Can it be said that, although the city, by its law department, might investigate for the period of three months, still, if the common council did not act in 40 days, it was chargeable with neglect? It is to be presumed that the legislature designed that the provisions of both sections should be operative. They should, therefore, be construed so as to give effect to all the provisions. Manifestly, it was the design that the common council, if it so desired, should have the benefit of the judgment of the law department, and that in such case the law department had three months in which to act. Pending this investigation, and until the law department reported, the common council had a right to wait, and should not be charged with negligence in so doing. The law clearly contemplated a full opportunity to investigate before a suit should be commenced, and provided a method for such investigation. If, however, the common council absolutely refused to adjust or pay without a reference to the law department, or if the law department made its report before the expiration of the 40 days, and the common council did not act thereon, then at the expiration of the 40 days a suit would be in order. This construction would give effect to the provisions of both sections, and is in harmony with the view taken by the court in Jones v. City of Albany, 62 Hun, 353, 356, 17 N. Y. Supp. 232, in a case arising under the same statute before its amendment. In the present case the claim was, immediately upon its presentment, referred to the law committee, and no report had been made when the suit was commenced, which was done before the expiration of three months, and there was no evidence of any refusal to adjust or pay. I see no escape from the conclusion that the common council had a right to wait, and should not, because they waited, be charged with neglect or refusal; and that, therefore, the action was prematurely brought. The notice of intention to sue, which was served on the 2d September, 1893, was apparently served under the provisions of chapter 572 of the Laws of 1886. That was a general act, and would not override the special provisions in defendant's charter. Besides, the sections of the charter involved here were enacted in 1891. So I do not see how the plaintiff can get any benefit from his notice of intention to sue.

The defendant also claims to sustain the nonsuit for the reason that the plaintiff's notice of claim did not properly state the cause of the injury. According to the notice, the plaintiff fell in consequence of his striking his foot against an obstruction upon the side-

walk. According to the evidence, he fell by reason of his foot break-
ing through one of the planks, which was rotten. The notice stated
a cause, but, as the defendant claims, did not state the cause within
the meaning of the statute. This question, however, as well as the
question whether, by reason of the latent defect in the plank, and
the absence of proof of actual notice (Hunt v. Mayor, etc., 52 N. Y.
Super. Ct. 198, 36 Barb. 226; Jorgensen v. Squires, 144 N. Y. 283, 39
N. E. 373; McCarthy v. City of Syracuse, 46 N. Y. 194, 198; Rapho
Tp. v. Moore, 68 Pa. St. 404, 408; Elliott, Roads & S. 645; Shear,
& R. Neg. § 148; Bostwick v. Barlow, 14 Hun, 177; Herrington v.
Village of Phoenix, 41 Hun, 270), the defendant is chargeable with
negligence as to the condition of the walk, need not, in view of the
conclusion on the first proposition, be here considered.

. Judgment and order affirmed, with costs. All concur.